UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALI SHAHROKI, <br><br> Plaintiff(s), <br><br> v. <br><br> MATHEW HARTER, et al., <br><br> Defendant(s). | Case No. 2:21-cv-01126-RFB-NJK <br><br> **Order** <br><br> [Docket No. 22] |

Pending before the Court is Plaintiff's motion to disqualify Joseph Garin, Jessica Green, and the law firm of Lipson Neilson as counsel. Docket No. 22. Defendants Standish, Spradling, Thielke, and Standish Law Group ("the Standish Defendants") filed a response. Docket No. 47. Plaintiff filed a reply. Docket No. 61. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion to disqualify is **DENIED**.

**I.   BACKGROUND**

Plaintiff has been litigating numerous cases in state and federal court. The law firm of Lipson Neilson has been representing the Standish Defendants in this case and several others. *See* Docket No. 47-7 at ¶ 2. On June 1, 2021, attorney Julie Funai (then a lawyer at Lipson Neilson) asked her assistant to ensure that the firm was on the proper service lists for the various "Shahrokhi cases"[1] involving the Standish Defendants. *See id.* at ¶ 2. The assistant relied on the Nevada

---

[1] The complaint's caption in this case spells Plaintiff's last name slightly differently than he has spelled it in other cases. *See* Docket No. 1 at 1.

1

Tylerhost website to accomplish that task. Docket No. 47-5 at ¶ 3. In so doing, the assistant added Lipson Neilson to a sealed paternity matter involving Plaintiff. *Id.* at ¶ 4.[2, 3]

On June 3, 2021, Plaintiff emailed Funai inquiring as to why Lipson Neilson had been added to the paternity case. Docket No. 47-2 at 3. Later that same day, Funai responded to thank Plaintiff for alerting her to the situation. *Id.* at 2. Funai represented that this was an inadvertent clerical error, that no documents were reviewed in the paternity case, and that Lipson Neilson had taken steps to remove itself from the paternity case's service list. *Id.* Plaintiff responded by indicating that, *inter alia*, Funai and Lipson Neilson would be "facing some serious consequences." *Id.*

On June 7, 2021, Plaintiff moved to disqualify Lipson Neilson in another case pending in federal court. *See Shahrokhi v. Judge Mathew Harter*, Case No. 2:20-cv-01623-JAD-NJK, Docket No. 122 (D. Nev. June 7, 2021). On June 10, 2021, that motion to disqualify was denied without prejudice because that case was stayed on *Younger* abstention grounds. *Id.*, Docket No. 123. On August 11, 2021, Plaintiff filed the motion to disqualify in this case. Docket No. 22. That is the motion currently before the Court.

## II.  STANDARDS

Motions to disqualify counsel are drastic requests that courts should grant only when absolutely necessary. *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011).[4]

---

[2] Plaintiff represents that the paternity case is sealed. *E.g.*, Docket No. 22 at 2. Although the Standish Defendants at times acknowledge that the paternity case is sealed, *see, e.g.*, Docket No. 47-6 at ¶ 4, they also at times attempt to cast doubt as to that fact, *see, e.g.*, Docket No. 47 at 2 (referencing the "purportedly sealed paternity case"). The Standish Defendants present no meaningful argument to counter Plaintiff's representation as to the sealed nature of the paternity case. The Court will assume for purposes of this order that the paternity case is sealed.

[3] The Standish Defendants state that Lipson Neilson "attempted" to add itself to the paternity case, *e.g.*, Docket No. 47-5 at ¶ 4, while Plaintiff indicates that they were in fact added, *see, e.g.*, Docket No. 22 at 3. Plaintiff has filed a copy of the docket in the paternity case showing a Lipson Neilson attorney and staff-person on the case. Docket No. 22-1 at 2. The Court will assume for purposes of this order that Lipson Neilson was actually added to the paternity case.

[4] Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). To the extent the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions,

"Courts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests:  the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice. While doubts should generally be resolved in favor of disqualification, parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay." *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Ct.*, 123 Nev. 44, 53 (2007).  "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).

The movant bears the burden of establishing facts to justify disqualification. *Hernandez*, 796 F. Supp. 2d at 1289.  "A motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate on which the motion depends." *United States v. Walker River Irr. Dist.*, Case No. 3:73-cv-00127-ECR (RAM), 2006 WL 618823, at *3 (D. Nev. Mar. 10, 2006) (quoting *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999)). Given the seriousness of the matter, the movant has a "high standard of proof to meet in order to prove that counsel should be disqualified." *FLS Transp. Servs., Inc. v. Casillas*, Case No. 3:17-cv-00013-MMD (VPC), 2017 WL 6043611, at *3 (D. Nev. Dec. 6, 2017) (quoting *Practice Mgmt. Sols., LLC v. Eighth Judicial Dist. Ct.*, 132 Nev. 1019, at *3 n.4 (2016) (unpublished)).  Courts have broad discretion in determining whether disqualification is required in a particular case. *T1 Payments LLC v. New U Life Corp.*, Case No. 2:19-cv-01816-APG-DJA, 2021 WL 3406304, at *1 (D. Nev. Aug. 4, 2021) (quoting *Brown v. Eighth Judicial Dist. Ct.*, 14 P.3d 1266, 1269 (Nev. 2000)).

Trial courts are responsible for controlling the conduct of attorneys practicing before them. *Coles v. Ariz. Charlie's*, 973 F. Supp. 971, 973 (D. Nev. 1997).  "While all may be fair in war, such is not the case in the judicial arena—the courtroom is not a battlefield." *Gomez v. Vernon*,

---

statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

3

225 F.3d 1118, 1122 (9th Cir. 2001). One particular tactic that courts must guard against is the improper receipt of confidential or privileged information through surreptitious means for litigation advantage. *See Mayorga v. Ronaldo*, Case No. 2:19-cv-00168-JAD-DJA, 2021 WL 4699254 (D. Nev. Oct. 6, 2021). Attorneys are expressly prohibited from using "methods of obtaining evidence that violate the legal rights" of other persons. Nev. R. Prof. Conduct 4.4(a); *see also* Local Rule IA 11-7(a) (applying Nevada Rules of Professional Conduct to attorneys practicing in this Court).

"Even where a violation of Rule 4.4 has occurred, however, disqualification is not automatic." *Rebel Comms., LLC v. Virgin Valley Water Dist.*, Case No. 2:10-cv-00513-LRH-GWF, 2011 WL 677308, at *13 (D. Nev. Feb. 15, 2011). "[W]hen no attorney-client relationship exists '[m]ere exposure to the confidences of an adversary does not, standing alone, warrant disqualification.'" *Liapis v. Dist. Ct.*, 128 Nev. 414, 421 (2012). "The significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court." *McDermott Will & Emery LLP v. Superior Ct.*, 10 Cal. App. 5th 1083, 1120 (2017). Hence, a predicate for disqualification may be established where, "through improper means, there is a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation." *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.*, 179 F. Supp. 2d 1157, 1178 (C.D. Cal. 2001) (emphasis omitted); *see also in re Bona Fide Conglomerate, Inc.*, 728 Fed. Appx. 656, 659 (9th Cir. 2018) (unpublished). Courts will consider a variety of factors prior to ordering disqualification in relation to a violation of Rule 4.4:

> Disqualification as a remedy for such an impropriety, even where privileged information is actually involved, must turn on a host of other considerations, including the flagrancy of the attorney's conduct; the sensitivity of the information and its relevance to the particular proceedings; and the prejudice to be suffered by the non-moving party.

*Rebel Communications*, 2011 WL 677308, at *13 (quoting *Myers v. Porter*, 130 P.3d 1023, 1027 (Colo. 2006)).

4

## III. ANALYSIS

Although neither party has cited to Rule 4.4 of the Nevada Rules of Professional Conduct, Plaintiff has implicitly invoked that rule in arguing that Lipson Neilson improperly added itself to his sealed paternity case in an effort to gain confidential information.[5] In order to obtain the disqualification that he seeks, however, Plaintiff must show more than mere access to confidential information. *Liapis*, 128 Nev. at 421. He must also present evidence establishing a reasonable probability that (1) counsel obtained information that (2) would likely be used advantageously in the current litigation. *Huston*, 179 F. Supp. 2d at 1178. Although Plaintiff acknowledges this standard, Docket No. 61 at 7, he fails to meet his burden to satisfy it.[6]

In responding to the instant motion, the Standish Defendants have put forward four separate declarations from attorneys and staff at Lipson Neilson. Docket Nos. 47-4, 47-5, 47-6, 47-7. Those declarations attest that adding Lipson Neilson to the paternity service list was a clerical oversight that was quickly remedied and that no documents or information from the paternity case were actually obtained. *See, e.g.*, Docket No. 47-7 at ¶¶ 6, 8-11. Plaintiff has advanced no competing evidence. Indeed, Plaintiff at times appears to concede that no documents or information was obtained by Lipson Neilson. *See* Docket No. 22 at 2 (alleging that Lipson Neilson "*attempted* to steal" confidential information (emphasis added)). Having failed to provide any evidence on the issue and particularly given the declarations to the contrary, Plaintiff has not established a reasonable probability that information from the paternity case was actually obtained. Disqualification is unwarranted based on this shortcoming. *Cf. Rebel Communications*, 2011 WL 677308, at *13 (denying motion to disqualify based on potential means to acquire confidential

---

[5] As a *pro se* litigant, the Court construes Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[6] The Standish Defendants argue alternatively that Plaintiff lacks standing to seek the disqualification of Lipson Neilson because he has not established an injury that is both (1) concrete and particularized and (2) actual or imminent, as opposed to conjectural or hypothetical. *See* Docket No. 47 at 4-6 (citing *Walker River*, 2006 WL 618823, at *4). The Standish Defendants' briefing blends standing arguments and merits arguments. *See* Docket No. 47 at 4-9. For the reasons discussed herein, the Court finds that Plaintiff has not met his burden of establishing a basis for disqualification, so it need not address directly the standing argument made.

information where the attorney at issue expressly represented that he did not acquire any protected information and the movant submitted no evidence to the contrary).

Moreover, even if there were a basis to find a reasonable probability that information from the paternity case was actually obtained, Plaintiff has not established that such information would likely be used by Lipson Neilson in the current litigation. Plaintiff simply exclaims that the documents will affect the outcome of this case. *See* Docket No. 61 at 7. Nonetheless, Plaintiff has not presented any meaningful explanation as to how such documents could be used by Lipson Neilson to bolster its defense of the Standish Defendants in this case. Hence, disqualification is also unwarranted based on this shortcoming.

In short, it was a boneheaded move to haphazardly add Lipson Neilson to a sealed paternity case in which neither it nor its clients were participating. While such conduct may possibly have given Lipson Neilson access to sealed documents, Plaintiff has not supported his motion to disqualify with any evidence establishing a reasonable probability that such documents were actually obtained or that they could be used advantageously in this litigation by Lipson Neilson. Accordingly, sufficient grounds for disqualification of Lipson Neilson have not been established.

**IV.   CONCLUSION**

For the reasons discussed more fully above, Plaintiff's motion to disqualify is **DENIED**.

IT IS SO ORDERED.

Dated: October 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge