UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALI SHAHROKI,<br><br>    Plaintiff(s),<br><br>v.<br><br>MATHEW HARTER, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-01126-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 74, 102] |

Pending before the Court is Plaintiff's motion to disqualify the Nevada Attorney General's Office from defending Defendant Mathew Harter in this action. Docket No. 74; *see also* Docket No. 95 ("opposition" to notice of appearance).[1] Defendant Harter filed a response in opposition. *See* Docket No. 98; *see also* Docket No. 100 (corrected image). The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED**.

Plaintiff's motion boils down to his disagreement as a policy matter that Defendant Harter should be afforded free counsel in this action. In Plaintiff's view, a state statutory provision for such representation should not apply and utilization of state attorneys in this action is a waste of public funds. *See* Docket No. 74 at 2-3, 4. Defendant Harter responds that Plaintiff lacks standing

---

[1] Defendant Harter filed a motion to strike this "opposition." *See* Docket No. 102. District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have expressed reluctance at striking filings without some showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)). Defendant Harter's motion to strike does not address these standards or make the required showings. *See* Docket No. 102. Accordingly, the motion to strike is **DENIED**.

1

to bring his motion and that the Attorney General has plenary power in deciding which actions to defend. *See* Docket No. 100 at 4-6.[2]

Defendant Harter has the better argument. State statute provides that "when, in the opinion of the Attorney General, to protect and secure the interest of the State it is necessary that a suit be . . . defended in any federal or state court, the Attorney General shall . . . make the defense." N.R.S. 228.170(1).[3] The statute evidences broad discretion afforded the Attorney General to defend a lawsuit any time it is in the interest of the state "in the opinion of the Attorney General." The Attorney General has determined that it is in the State's interest to defend Defendant Harter in this action. *See* Docket No. 100 at 6. The Court has been presented with no persuasive argument that it is for a litigant or this Court to decide otherwise.[4]

Accordingly, the motion to disqualify is **DENIED**.

IT IS SO ORDERED.

Dated: October 26, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court in another case previously denied Plaintiff's motion to disqualify the Nevada Attorney General's Office from defending Defendant Harter based on substantially the same arguments as Plaintiff presents here. *See Shahrokhi v. Harter*, No. 2:21-cv-00557-APG-BNW, Docket No. 20 (D. Nev. June 23, 2021).

[3] Defendant Harter also relies on N.R.S. 41.0339(1). His argument as to that statute at times veers into whether he is entitled to judicial immunity. *See* Docket No. 100 at 4-5 ("this Court should hold that Judge Harter has judicial immunity"). The issue of immunity is also raised in Defendant Harter's motion to dismiss. *See* Docket No. 68 at 5-6. The Court expresses no opinion herein on that issue given that it resolves the motion to disqualify on other grounds.

[4] Plaintiff also argues that the Nevada Attorney General's Office has a conflict because, in Plaintiff's view, the State should be investigating Defendant Harter rather than defending him. *See* Docket No. 74 at 5. This argument fails from the outset. Disqualification of counsel is a drastic remedy and motions seeking such relief are subject to particularly strict judicial scrutiny given the potential for abuse. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985). "As with the merits of the motion, a non-client moving to disqualify also bears the burden of establishing [his] standing to bring the motion." *Russel Road Food & Bev., LLC v. Galam*, 2014 WL 3779078, at *2 (D. Nev. July 32, 2014). Moreover, "as a general rule, courts do not disqualify an attorney on the grounds of a conflict of interest unless a former client moves for disqualification." *Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal. 1999) (quoting *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976)). Although Defendant Harter challenges Plaintiff's standing to raise this purported conflict of interest, Docket No. 100 at 2-4, Plaintiff has not made any meaningful effort to establish that he has standing.