# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALI SHAHROKI,

    Plaintiff(s),

v.

MATHEW HARTER, et al.,

    Defendant(s).

Case No. 2:21-cv-01126-RFB-NJK

**Order**

[Docket Nos. 59, 97]

Pending before the Court is Plaintiff's motion to strike all filings by Defendants Burrow and Pearson. Docket No. 59. Defendants Burrow and Pearson filed a response. Docket No. 65. Defendants Ruiz and Marzola & Ruiz Law Group also filed a response. Docket No. 78. Plaintiff filed a reply. Docket No. 80. Also pending before the Court is Plaintiff's motion to strike the response filed by Defendants Ruiz and Marzola & Ruiz Law Group. Docket No. 97 (seeking to strike Docket No. 78). Defendants Ruiz and Marzola & Ruiz Law Group filed a response. Docket No. 145. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, both motions to strike are **DENIED**.

## I.  STANDARDS

District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have

1

expressed reluctance at striking filings without some showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)).

## II. ANALYSIS

The Court will address Plaintiff's motions to strike in turn below.

### A. First Motion to Strike (Docket No. 59)

Plaintiff's first motion to strike is premised on speculation that Defendants Burrow and Pearson have an attorney "ghost-writing" their filings in this case. *See, e.g.*, Docket No. 59 at 7. Defendants Burrow and Pearson responded by filing declarations stating that they are proceeding in this action *pro se* and have created their filings themselves. Docket No. 65 at 6, 7.[1] In light of these representations, the Court is not persuaded that any "ghost-writing" is taking place in this case. As there is no factual basis for Plaintiff's motion to strike, it will be denied.[2]

### B. Second Motion to Strike (Docket No. 97)

Plaintiff's second motion to strike is targeted at the responsive brief filed by Defendants Ruiz and Marzola & Ruiz Law Group. According to Plaintiff, that brief was not filed in accordance with Rule 20 of the Federal Rules of Civil Procedure. *See* Docket No. 97 at 2. As Defendants Ruiz and Marzola & Ruiz Law Group correctly explain in response, however, that rule does not apply to motion practice. *See* Docket No. 145 at 3; *see also* Fed. R. Civ. P. 20(a)(1), (2) (identifying plaintiffs and defendants that may be joined "in one action"). Moreover, the underlying response was filed because Plaintiff accused Ruiz and Marzola & Ruiz Law Group of ghost-writing. *See* Docket No. 145 at 2. In light of the circumstances, the Court is not persuaded that there was anything improper in the filing of the underlying response, let alone that the circumstances justify striking that filing. As such, this motion to strike will be denied.

---

[1] Defendants Burrow and Pearson also explain that they have used as templates filings in other cases, but that they do not have the aid of an attorney in doing so. *See id.*

[2] Plaintiff seeks a hearing at which he might attempt to substantiate his speculation. *See, e.g.*, Docket No. 80 at 5. The Court finds such a hearing to be unnecessary. *See* Local Rule 78-1.

### III. CONCLUSION

For the reasons discussed more fully above, Plaintiff's motions to strike are **DENIED**.

IT IS SO ORDERED.

Dated: October 26, 2021

                                                                   
Nancy J. Koppe
United States Magistrate Judge