# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALI SHAHROKI,

    Plaintiff(s),

v.

MATHEW HARTER, et al.,

    Defendant(s).

Case No. 2:21-cv-01126-RFB-NJK

**Order**

[Docket Nos. 105, 108, 111, 112, 117, 127]

Pending before the Court are Plaintiff's motions to strike filings by Defendant Mathew Harter. Docket Nos. 105, 108, 111, 112, 117, 127. Defendant Harter has filed responses. Docket Nos. 116, 151, 153, 160, 168. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motions to strike are **DENIED**.

District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have expressed reluctance at striking filings without some showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)).

All of Plaintiff's motions to strike rely on the same theory that a defendant cannot participate in a case through filings once a request for default and/or motion for default judgment

1

has been filed. *See, e.g.*, Docket No. 117 at 2. As Defendant Harter correctly points out in response, no legal authority has been cited that it is appropriate to strike filings on that basis. *See* Docket No. 116 at 1. The Court is likewise not persuaded that the mere pendency of a request for default and/or motion for default judgment would render any later filings by the subject defendant improper.[1] Hence, Plaintiff's motions to strike all fail from the start because Plaintiff has not shown that the filings at issue were improper.

For the reasons discussed more fully above, Plaintiff's motions to strike are **DENIED**.

IT IS SO ORDERED.

Dated: October 26, 2021

                                                                                              Nancy J. Koppe
                                                                                              United States Magistrate Judge

---

[1] Plaintiff asks through his motions to strike that default be entered. *See, e.g.*, Docket No. 105 at 2. Defendant Harter similarly contests the request for entry of default and motion for default judgment. *See* Docket No. 160 at 2. The only issue properly before the Court is whether to strike filings. *See* Local Rule IC 2-2(b). The Court herein need not (and does not) express any opinion on the underlying request for default and/or motion for default judgment.

2