UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ali Shahrokhi, et. al., | Case No. 2:21-cv-01126-RFB-NJK |
| Plaintiffs, | |
| v. | **ORDER** |
| Mathew Harter, et. al., | |
| Defendants. | |

**I.   INTRODUCTION**

Ali Shahrokhi sues Judge Matthew Harter, the mother of his child, Kizzy Burrow, Burrow's current boyfriend, Donald H. Pearson, Burrow's current and former counsel Thomas Standish, Philip Spradling, Yvonne Ruiz, Marzola and Ruiz Law Group, Holly Thielke, and Standish Law Group, arguing that these parties conspired to violate his constitutional rights and Nevada law during state-court custody proceedings. See Complaint, ECF No. 1.[1] The defendants separately move to dismiss Shahrokhi's complaint, arguing that this court should

---

[1] The Complaint also indicates that "this lawsuit features two separate and independent lawsuits." ECF No. 1 at 2. In the "second" lawsuit, pro se Plaintiff T. Matthew Phillips sues Judge Vincent Ochoa, the mother of his child Amber Korpak, and Korpak's counsel Shannon Wilson, and Hutchinson Steffen law firm. According to Fed R. Civ. P. 20(a)(1), Plaintiffs may join in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." It is clear that pro se co-Plaintiffs do not meet this standard. Plaintiffs' claims do not arise out of the same transaction and because the Plaintiffs do not implicate any overlapping Defendants, any right to relief they may have would be against distinct parties, and therefore not joint and/or several. These matters are therefore separate. In their Complaint, Plaintiffs contend that "if filed separately, these lawsuits would most certainly be deemed 'related.'" ECF No. 1 at 2. While that may be the case, joinder is not proper here. As a result, Mr. Phillips' claims must proceed separately and are not properly before this court. Should Mr. Phillips' wish to proceed on his claims, he must file a separate lawsuit.

abstain from hearing this case under Younger v. Harris, that Judge Harter is immune from suit, and that Shahrokhi's claims are inadequately pled under Federal Rule of Civil Procedure 12(b)(6) and subject to Nevada's anti-SLAPP law, Nevada Revised Statute § 41.660. See ECF Nos. 12, 15, 68, 79.

Before the Court for consideration are numerous motions including First Motion to Dismiss, ECF No. 12, Motion to Dismiss, ECF No. 15, Second Motion to Dismiss, ECF No. 18, Motion to Strike Joinder, ECF No. 25, Motion to Sever Re Joinder, ECF No. 31, Motion to Serve Re Joinder, ECF No. 33, Motion to Declare Ali Shahrokhi a Vexatious Litigant, ECF No. 35, Motions for Monetary Sanctions, ECF Nos. 44, 50, Motion for Joinder, ECF No. 56, Motion for Entry of Default Judgement, ECF No. 64, Motion to Dismiss, ECF No. 68, Motion to Strike Motion to Dismiss, ECF No. 72, Motion to Dismiss, ECF No. 79, Motion for Monetary Sanctions, ECF No. 126, Motion for Entry of Clerk's Default, ECF No. 131, Motion to Strike, ECF No. 137, Motion to Declare, ECF No. 146, Motion to Sever re Joinder, ECF No. 148, Motion to Sever re Joinder, ECF No. 149, Motion to Sever re Joinder, ECF No. 150, Motion to Request this Court Report Criminal Misconduct, ECF No. 156, Motion for Judgement on the Pleadings, ECF No. 166, Motion to Strike, ECF No. 170, Motions for Sanctions, ECF Nos. 171, 172, Motion to Supplement Motion, ECF No. 174, Motion to Strike, ECF No. 175, Motion to Dismiss Joinder, ECF No. 179, Motion to Dismiss Joinder, ECF No. 180, Motion to Dismiss Joinder, ECF No. 181, Motion to Dismiss, ECF No. 182. For the reasons stated below, this case is DISMISSED in its entirety.

**II.   BACKGROUND**

Ali Shahrokhi and Kizzy Burrow are in the midst of a custody dispute in Nevada's Eighth Judicial District Court before Judge Harter.[2] It appears, as a matter of public record, that Mr. Shahrokhi is still actively litigating his original family court case before the Nevada Supreme Court. See ECF No. 68 at 2, fn. 1. Mr. Shahrokhi contends that on July 11, 2019, Defendant

---

[2] This summary of facts alleged in the complaint should be no construed as findings of fact by this court.

Harter issued two temporary protective orders[3] ("TPO") against Shahrokhi. In this case, he alleges that the Defendant Burrow had never filed an application for a TPO and that the TPO had no expiration date. Mr. Shahrokhi argues that Defendants conspired to obtain the two TPOs, therefore depriving Mr. Shahrokhi of his right to procedural due process, as well as violating state law. This lawsuit seeks damages for violations of the Fourteenth Amendment, civil conspiracy, and abuse of process, a Nevada state law claim, as well as court orders expunging the TPOs and removing Plaintiff's name from the Central Repository for Nevada Records of Criminal History.

Defendants contend that this Court should abstain from hearing this case under Younger v. Harris and point out six similar federal suits that have either been stayed for this reason or where a motion to dismiss on similar grounds is pending. See, e.g., ECF No. 68 at 2-3. They also argue Judge Harter is immune from suit, and that Shahrokhi's claims are inadequately pled under Federal Rule of Civil Procedure 12(b)(6) and subject to Nevada's anti-SLAPP law, Nevada Revised Statute § 41.660. See ECF Nos. 12, 15, 68, 79.

### III. DISCUSSION

This court finds that this complaint violates the general prohibition against claim-splitting because the exact same facts and transactions upon which the claims in this suit are based are also the subject of multiple other federal complaints. Further, there is no reason why the claims presented here could not have been conveniently tried in those other federal cases. As a result, this case is dismissed.

*Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). However, district courts also retain broad discretion to control their dockets and "in exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Hous. Auth. of City of Los Angeles, 783 F.2d 829, 831 (9th Cir. 1986); see also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). After weighing the equities of a case, a district court may exercise its discretion to dismiss a duplicative later-filed

---

[3] The first TPOs was issued for Defendant Burrow and their child. The second TPO was issued for Defendant Standish and the Standish Law firm.

action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007); see also Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3d Cir. 1977) (en banc), *cited with approval* in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997).

There is a well-known prohibition against claim-splitting. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007); see also Haytian Republic, 154 U.S. 118 (1894), Curtis v. Citibank, N.A, 226 F.3d, 133, 138-39 (2d Cir. 2000); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223-24 (7th Cir. 1993); Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985); Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C. Cir. 1980); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947). The prohibition against claim splitting disallows Plaintiffs from maintaining two separate actions involving the same subject matter at the same time in the same court against the same defendant. Adams 487 F.3d at 688 (citing Walton), see also Id. The "true test of the sufficiency of a plea of 'other suit pending' in another forum was the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged' regarding matters at issue in the second suit." Haytian Republic, 154 U.S. at 124. Where a claim arises out of the same set of events as those alleged in a prior lawsuit, the district court has discretion to dismiss the second suit. Curtis, 226 F.2d at 140. This is determined by the "transaction test," where "two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could be conveniently tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

Defendants point out that Plaintiff has filed at least six other federal cases involving this state court action. See ECF No. 68 at 2-3. These cases are Shahrokhi v. Harter, 2:20-cv-01019-APG-VCF, Shahrokhi v. Harter, 2:20-cv-01623-JAD-NJK, Shahrokhi v. Harter, 2:20-cv-02346-GMN-VCF, Phillips v. Duckworth, 2:20-cv-023450-RFB-NJK, Shahrokhi v. Truby, 21-cv-00358-KJD-EJY, and Shahrokhi v. Harter, 21-cv-00557-APG-BNW. Because all of these cases involve the underlying state court proceedings and post-date the July 11, 2019 hearing at which the TPOs were issued, these claims are related to the same set of facts as claims in prior lawsuits.

Further, there is no evidence to suggest that these claims could be not conveniently tried together.

One of these cases particularly implicates claims splitting issues: <u>Shahrokhi v. Harter</u>, 2:20-cv-01623-JAD-NJK. The claims in the instant case revolve around a hearing that allegedly took place on July 11, 2019. According to the Complaint, the TPOs were issued at this hearing. The case before Judge Dorsey also involves allegations that stem from this same hearing. <u>See</u> 2:20-cv-01623-JAD-NJK, Dkt. No. 1. In that case, Plaintiff challenges a temporary relocation order that was issued on July 16, 2019, after, and allegedly as a result of, the July 11, 2019 hearing. It is indisputable that claims involving the propriety of the TPOs arise from the same set of facts as the ones at issue in the prior case, could have been brought in that case, and would have been conveniently tried together in that case. Further, the prior case involves nearly all of the same Defendants: Judge Harter, Thomas Standish, Kizzy Burrow, and Philip Spradling. Several defendants added in this suit are improper.[4] The timing of the initiation of this instant suit further belies Plaintiffs' motivation: the instant suit was initiated on June 14, 2021, a mere four days after Judge Dorsey issued an order staying the case until the underlying state court matter is resolved. Plaintiff may not initiate a new lawsuit on the basis of the exact same set of facts because a stay was issued in prior litigation, where the issues could have been tried together in the original suit.

For the reasons stated above, it would be against the interests of judicial efficiency to adjudicate these claims while other cases involving this same set of facts are still pending before other judges in this very same court. The Court uses its discretion to dismiss this case due to the general prohibition against claims splitting.

---

[4] Defendants added in this suit include Defendant Burrow's current lawyer and law firm (Yvonne Ruiz and the Ruiz & Marzola Law Group), Defendant Burrow's boyfriend, Donald H. Pearson, and Holly Thiekle, apparently a former employee of the Standish Law Group. Defendant Burrow's current lawyers were not involved in the suit at the time of the alleged conspiracy and therefore are improper Defendants. <u>See</u> ECF No. 12. The addition of Holly Thiekle and Donald Pearson in this suit does not materially alter the claims splitting analysis here because these parties were either known or likely known to the Plaintiff at the initiation of his prior suit. <u>See, e.g.,</u> 2:20-cv-01623-JAD-NJK, Dkt. No. 1 at 9 (Pearson named in facts section in this lawsuit).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that this case is dismissed in its entirety.

The Clerk of the Court is instructed to close this case.

DATED: December 30, 2021.

                                                           _____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**